UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Debora Cunningham,

    Plaintiff,

    v.                                          Case No. 1:13cv561

Commissioner of Social Security,          Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's June 26, 2014 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be found to be supported by substantial evidence and affirmed.   (Doc. 18).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).   Plaintiff filed timely objections to the Magistrate Judge's R&R.   (Doc. 19).

Plaintiff is a high school graduate with past relevant work experience as a repair tech at General Electric.   On October 14, 2009, Plaintiff filed an application for Social Security DIB alleging a disability onset date of January 17, 2008.   Plaintiff alleges disability based upon social anxiety disorder, chronic fibromyalgia, high blood pressure, sleep apnea, asthmatic bronchitis, restless leg syndrome, and left shoulder/neck arthritis. Plaintiff also alleges she suffers from panic attacks, problems with depression, and fear of being around people.   Plaintiff was hospitalized for three days after she suffered a stroke in October 2009.   Plaintiff's date of last insured is March 31, 2008.

After Plaintiff's claims initially were denied, she requested a hearing *de novo*

before an ALJ. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"). Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had a number of severe impairments,[1] but concluded that none of Plaintiff's impairments alone or in combination "met or medically equaled a listed impairment" defined by federal regulation.[2] The ALJ determined that although Plaintiff is unable to perform her past relevant work, she nonetheless can perform jobs that exist in "significant numbers" in the national economy including, for example, a silverware wrapper, garment inspector and merchandise marker. Accordingly, on March 28, 2012, the ALJ denied Plaintiff's application for Social Security DIB in a written decision. Plaintiff sought review of the ALJ's decision by the Appeals Council, which denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Administration. Thus, the ALJ's decision stands as the Commissioner's final determination.

Before this Court, Plaintiff raised six objections to the ALJ's decision.[3] In her June 26, 2014 R&R, the Magistrate Judge overruled all six objections and recommended that the ALJ's decision be affirmed, and the case closed. (Doc. 18, at 15). In her objections to the R&R, Plaintiff focuses on one of her six original objections, that is, Plaintiff's chronic absenteeism is in and of itself sufficient evidence of her disability.

---

[1]The ALJ found that the Plaintiff had "cervical degenerative disc disease; degenerative joint disease of the left shoulder, residuals of a remote prior left ankle fracture; obstructive sleep apnea; a history of mild coronary artery disease (prior to date last insured); restless leg syndrome; fibromyalgia; depression; and anxiety." (Doc. 18, at 2).

[2]20 C.F.R. Part 404, Supb. P, Appendix 1.

[3]Plaintiff argues that the ALJ erred by: (1) failing to consider all the relevant evidence; (2) failing to adequately explain his findings; (3) improperly evaluating Plaintiff's fibromyalgia; (4) failing to adequately explain his reasons for the weight he assigned to the state agency opinions; (5) failing to obtain testimony of a medical expert; and (6) failing to include limitations related to absenteeism in his hypothetical questions to the vocational expert. (Doc. 18, at 3).

Plaintiff asserts that during the two years prior to her date last insured, she attended at least fifty-one appointments with health care providers for treatment of her impairments. Relying on the testimony of a vocational expert at the administrative hearing—that employers typically tolerate only about one absence a month on average—Plaintiff contends her documented record of fifty-one prior medical appointments compel a finding that the she is unable to work. Thus, according to Plaintiff, the ALJ's decision should be reversed and remanded for an award of benefits.

Plaintiff's reliance on her record of over fifty medical appointments as evidence of disability is misplaced. The essence of Plaintiff's argument is that due to her chronic absenteeism, she is necessarily disabled. However, Plaintiff cites no evidence in the record or case authority which supports a finding that absenteeism is proof in and of itself of a disability. While a treating physician's opinion with regards to absenteeism may be afforded deference in conjunction with other supportive evidence, *see Landsaw v. Secretary of Health and Human Servs.*, 803 F.2d 211, 212 (6th Cir. 1986), no such opinion is contained in the record in this case. Therefore, the ALJ did not err in failing to address limitations related to absenteeism raised in the testimony of the VE. *Accord Walker v. Astrue*, No. 2:03-0078, 2008 WL 4722121, at *12 (M.D. Tenn. Oct. 21, 2008) (ALJ did not err in failing to address rate of absenteeism where VE simply made a general statement that if the rate of absenteeism exceeded two days per month, disciplinary actions or termination would result).

Plaintiff briefly mentions in a single sentence that the "Statement of Errors contains five other errors that also support judgment in favor of claimant." (Doc. 19, at 3). This is Plaintiff's only acknowledgement of her prior assignments of error and she provides no

3

additional factual or legal arguments in support of these contentions, all of which were overruled in the R&R.  The Court finds no error in the Magistrate Judge's conclusions with regard to these assignment of errors.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's June 26, 2014 R&R.  (Doc. 18).  The decision of the Commissioner to deny Plaintiff's application for benefits is **AFFIRMED**.  This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                      */s/ Michael R. Barrett*
                                                  Michael R. Barrett, Judge
                                                  United States District Court